# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN WALTER JOHNSON, | ) |
| Petitioner, | ) |
| v. | ) No. 4:21-CV-1373-SEP |
| FELIX VINCENZ, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is Petitioner John Walter Johnson's Petition for a Writ Of Habeas Corpus under 28 U.S.C. § 2241. For the reasons set forth below, the Petition is dismissed.

### BACKGROUND

The background of this case is fully set forth in the Court's August 16, 2022, Memorandum and Order, but the Court recites the essential facts here. Petitioner identified two grounds for relief under § 2241 and sought an order from this Court directing that his case be adjudicated by a different state court judge. By his own admission, Petitioner failed to fully exhaust available state remedies before filing the instant petition. In its August 16, 2022, Memorandum and Order, the Court directed Petitioner to show cause why the petition should not be dismissed due to his failure to fully exhaust state remedies. *See* Doc. [4]. In that order, the Court cautioned Petitioner that his failure to timely comply could result in the dismissal of this case without further notice. *Id.* at 2. Petitioner's response was due on September 6, 2022, but to date, he has neither responded to the Court's order nor sought additional time to do so.

### DISCUSSION

Before initiating an action in federal court, a petitioner seeking relief from state custody must exhaust "all available state remedies." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). The exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).

Here, Petitioner's state criminal charges remain pending, and he admittedly failed to exhaust "all available state remedies" before filing the instant Petition. *Braden*, 410 U.S. at 489. The Court concludes that the Petition is subject to dismissal due to Petitioner's failure to fully exhaust state remedies, and Petitioner has failed to show cause why the Petition should not be dismissed for that reason. The Court therefore summarily dismisses the Petition at this time under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which requires this Court to summarily dismiss a § 2254 petition "[i]f it plainly appears . . . that the petitioner is not entitled to relief[.]"[1]

Because Petitioner has not made a substantial showing of the denial of a constitutional right, he is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 19th day of September, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule l(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule l(a)").